W. R. FRANCIS v. MORTGAGE SECURITY CORPORATION OF AMERICA, UNION TRUST COMPANY OF MARYLAND, AND THE INSURED MORTGAGE BOND CORPORATION OF NORTH CAROLINA.

(Filed 28 May, 1930.)

**1. Trial D b—It is error to direct a verdict upon conflicting evidence.**

Where in an action to recover for services rendered there is a direct conflict in the evidence as to whether the plaintiff was employed by the defendant the issue is for the determination of the jury, and it is error to direct a verdict thereon in the plaintiff's favor.

**2. Attachment H b—Where property is attached, third person may intervene and assert title thereto.**

> Where property attached in an action is claimed by a stranger to the proceeding, such claimant may intervene and assert his title thereto. C. S., 829, 840.

APPEAL by defendant and intervener from *Schenck, J.,* at November Term, 1929, of HAYWOOD.

Civil action by plaintiff to recover of the defendant, Mortgage Security Corporation of America, a foreign corporation, the sum of $860 for legal services alleged to be due by contract which is denied by the defendant.

Service of summons was sought to be obtained by publication and by attachment of funds belonging to the defendant. The Union Trust Company of Maryland, trustee, undertook to intervene in its fiduciary capacity and claim the funds attached. This petition was dismissed at the October Term, 1929, Harwood, Special Judge presiding, but said intervener was allowed to take the funds upon the execution of a replevin or forthcoming bond.

On the hearing at the November Term, the action was nonsuited as to the Insured Mortgage Bond Corporation of North Carolina, for want of service. The intervener again asked to be permitted to come in and set up claim to the funds attached, which right was denied because of the previous dismissal of its petition, and the plaintiff announced his willingness to release the defendant, Mortgage Security Corporation of America, from any judgment *in personam.*

The following issue was thereupon submitted to the jury and instructed by the court, if they believed the evidence, to answer it in favor of the plaintiff:

"What amount, if any, is the plaintiff, W. R. Francis, entitled to recover of the funds attached herein, or from the bondsman on the replevy bond herein filed?"

From a judgment rendered only against the bond of the intervener and the funds attached, the defendant, Mortgage Security Corporation of America, and intervener, Union Trust Company of Maryland, trustee, appeal, assigning errors.

*Alley & Alley and Jos. E. Johnson for plaintiff.*
*J. E. Wilson and James E. Rector for defendant and intervener.*

STACY, C. J., after stating the case: There is a direct conflict in the evidence as to whether the plaintiff was employed by the Mortgage Security Corporation of America, and the issue, as framed (conceding its sufficiency), necessarily called for a determination of this question. Hence it was error to direct a verdict thereon in plaintiff's favor.

Likewise, we think the rulings against the intervener were too restrictive of its rights. When property is attached, which is claimed by a stranger to the proceeding, such claimant may intervene and assert his title thereto. C. S., 829 and 840; *Bulluck v. Haley, ante,* 355.

There are other exceptions appearing on the record, worthy of consideration, but as a new trial must be awarded as to both appellants, we shall not consider them now. They may not arise on another hearing.

New trial.